(2) The failure to present such exceptions to the District Judge; or

(3) The failure to appeal from the order of the District Judge adjudging that the holder of such bonds and coupons could not recover and that the same were not refundable;

reveal such a lack of vigilance as to persuade the Court that justice and equity do not now require a reconsideration of the disallowance of the proof of Appellant's claim, or the release of claimant from the injunction against a suit on the bonds.

█ It is also noted that Appellant's claim is not only for the bonds but for the interest coupons originally attached thereto. For aught that now appears, he is still claiming the right to recover some of the same interest that Roberts claimed to have. So, involved in the issues now before the lower Court is the question of whether or not Appellant is estopped to claim a right to recover on the interest coupons originally attached to the said bonds in view of the assertions in the bankruptcy proceedings and before this Court [see 117 F.2d 943.] that Roberts, a person in privity with Wright, or an agent of Wright, was the owner of these coupons. Concerning this the Court below may receive evidence as to whether or not Wright is now estopped to insist upon the right to collect interest coupons heretofore asserted to have been the property of Roberts, under a transfer deemed by the Court to have been colorable.[3] The burden of explaining the inconsistencies and of establishing the integrity and consequent equities of his position is upon Appellant if he now continues to assert the right to collect on the interest coupons.

█ It is appropriate that the Court that made the pronouncements as to the invalidity, non-recoverability, and unrefundability of these bonds should first be re-

sorted to for any correction or clarification of such pronouncements, for if the lower Court should later hold [as it logically may, in view of the fact that the plan of composition has been fully executed] that Appellant has the right to proceed by suit in another forum, it is highly essential to its prosecution that the suit be not adjudged to be in the nature of a collateral attack upon the aforementioned adjudications of the court in bankruptcy.

We are unable to discern as yet any abuse of discretion by the lower Court in the order from which this appeal has been taken.

Affirmed.

**CROFOTT, NIELSEN & CO. v.
McKINNEY et al.**

**No. 10868.**

Circuit Court of Appeals, Ninth Circuit.

March 15, 1945.

---

[3] In the Roberts Case [117 F.2d 943, text 946] this Court said:

"For his situation is the result of concert with, and attempted artifice in the interest of, Wright & Company, to block, by appealing to equity, what they could not legally prevent, in order to extort recognition of their bonds which had been adjudged invalid. Proceedings in bankruptcy are ruled by equitable considerations, and the invoked provision of the act, that a plan must not discriminate unfairly in favor of any

creditor or claims of creditors, has no application to this case. Compositions of all kinds, under the original Bankruptcy Act, and as provided for in the later acts, are grounded on considerations of the purest equity and proceedings under statutes authorizing them have always required openness and fairness of dealing. Particularly are secret dealings and arrangements between creditors or between creditors and bankrupt to obtain advantage over other creditors, condemned."

Harold W. Mattingly, of Los Angeles, Cal., and Joshua R. H. Potts and Eugene Vincent Clarke, both of Chicago, Ill., for appellant.

Avery M. Blount and Betty B. Gillette, both of Los Angeles, Cal., for appellees.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

PER CURIAM.

Appellant contends that the evidence of the use of appellant's patent as substantially against the public interest does not support the finding to that effect. We do not agree.

The judgment appealed from is affirmed.

**ABELL et al. v. ANDERSON.**

No. 9890.

Circuit Court of Appeals, Sixth Circuit.

April 9, 1945.